NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD FOGG; MARIA FOGG,<br><br>      Plaintiffs-Appellants,<br><br>  v.<br><br>SELENE FINANCE LP, a foreign limited liability company; WILMINGTON SAVINGS FUND SOCIETY FSB, trustee for Premium Mortgage Acquisition Trust doing business as Christina Trus,<br><br>      Defendants-Appellees. | No.   23-35289<br><br>D.C. No. 3:21-cv-05351-JHC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted September 9, 2024**
San Francisco, California

Before: BEA and MENDOZA, Circuit Judges, and M. FITZGERALD,*** District Judge.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

Plaintiffs-Appellants Edward and Maria Fogg ("Plaintiffs") appeal the district court's order that granted summary judgment on their claims brought under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, in favor of Defendants-Appellees Selene Finance LP and Wilmington Savings Fund Society FSB ("Defendants"). Because the parties are familiar with the facts, we recount them only as relevant to our decision. We have jurisdiction under 28 U.S.C. § 1291, and reviewing the district court's grant of summary judgment de novo, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we affirm.

Summary judgment is permissible only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Plaintiffs have failed to create a genuine dispute of fact that they suffered any "actual damages . . . as a result of" Defendants' alleged failure to comply with RESPA, a required element of a RESPA claim. *See* 12 U.S.C. § 2605(f)(1). On appeal, they contend that they paid late fees, attorneys' fees, and postage costs due to Defendants' alleged RESPA violations. But they do not provide any citations to the record to support these claimed damages. *See* Fed. R. App. P. 28(a)(8)(A) (explaining that an appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Moreover, a review of the record does not reveal that Plaintiffs submitted any evidence in the district court to support the

2

damages they claim to have suffered. *See* Fed. R. Civ. P. 56(c)(1)(A) (explaining that a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record"). Accordingly, there is no evidence in the record that Plaintiffs suffered actual damages due to Defendants' allegedly inadequate responses to their qualified written requests.

Moreover, although Plaintiffs have been subjected to foreclosure, there is no evidence that this action was the "result of" Defendants' alleged failures to comply with RESPA. *See* 12 U.S.C. § 2605(f)(1). The foreclosure was not caused by Defendants' alleged failure to correct Plaintiffs' account or to conduct an investigation in response to Plaintiffs' qualified written requests. *See id.* § 2605(e)(2)(A)–(B). Rather, it was caused by Selene's refusal to allow Plaintiffs to tender their monthly payment with two checks rather than one. But Selene's refusal to accept Plaintiffs' checks is unrelated to Plaintiffs' RESPA claims, which are limited to the adequacy of Defendants' responses to their qualified written requests. Indeed, Selene had already corrected the loan balances and monthly payments to reflect the bankruptcy court's order—the precise relief Plaintiffs sought when they sent their qualified written requests—in June 2020, long before the initiation of foreclosure proceedings in April 2021. Hence, Plaintiffs have not proffered evidence to show that any damages they suffered from the foreclosure action were the "result of" any alleged RESPA violation. *See id.* § 2605(f)(1).

Because Plaintiffs' failure to create a triable issue regarding actual damages is fatal to their RESPA claims, we decline to address any other arguments raised on appeal.[1]

**AFFIRMED.**[2]

---

[1] We express no view as to whether Plaintiffs can prove that they suffered actual damages with respect to their state law claims, which are not the subject of the present appeal.

[2] Plaintiffs' motions for an extension of time to file a reply brief (Dkt. Nos. 48, 52, 55, 56) are **DENIED.**